FILED

JAN 0 3 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNEY BUCKNER and VANCE DOTSON | ) JURY TRIAL DEMANDED )  ) |
| Plaintiff, | ) |
| v. | ) Case No. )  ) |
| ENHANCED RECOVERY COMPANY, LLC, and ACCOUNT RESOLUTION SERVICES, d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC., and CAC FINANCIAL CORP., | ) ) ) CIV 22- 0002 D ) ) ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs Brittney Buckner and Vance Dotson an individual consumer, against Defendants, Enhanced Recovery Company, LLC ("ERC"), Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., ("ARS"), and CAC Financial Corp. ("CAC"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"),

1

which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III. PARTIES

3. Plaintiff Brittney Buckner (hereinafter "Ms. Buckner") is a natural person residing in Midwest City, Oklahoma County, Oklahoma. Ms. Buckner is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Party Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson has been assigned 100 percent of these claim(s) above also is Attorney-In-Fact pursuant to Okla. Stat. tit. 15, § 1014.

5. Upon information and belief, Defendant, Enhanced Recovery Company, is a Florida corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256.

6. Upon information and belief, Defendant, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., is a Florida corporation with its principal place of business located at 1643 Harrison Pwky, Bldg H, Suite 100, Sunrise, FL 33323.

7. Upon information and belief, Defendant, CAC Financial Corp., is an Oklahoma corporation with its principal place of business located at 2601 Northwest Expressway #1000e, Oklahoma City, OK 73112.

8. Defendants, Enhanced Recovery Company, LLC, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp., are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

### IV.   FACTS OF THE COMPLAINT

9. Defendants, Enhanced Recovery Company, LLC, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC

3

Financial Corp., (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

10. On or about August 24, 2021, Ms. Buckner reviewed her credit report on "Credit Karma."

11. On the report, Ms. Buckner observed trade lines from all the Debt Collector Defendants.

12. Debt Collector ERC furnished three (3) trade lines of $68, $201, and $494 allegedly owed to 11 T-Mobile, 11 AT&T, and 11 Charter Communications respectively.

13. Debt Collector ARS d/b/a Healthcare Revenue Recovery Group. LLC., furnished a trade line of $1,063, allegedly owed to Emer Svc of Oklahoma.

14. Debt Collector CAC furnished two (2) trade lines of $81 and $1,341 allegedly owed to Norman Regional Health Systems.

15. Also on August 24, 2021, Plaintiff made disputes via telephone about the accounts in question. However, on January 2, 2022, Plaintiff re-checked her credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt

4

Collectors failed to communicate the alleged debts in question were disputed by the Plaintiff, Ms. Buckner.

16. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Buckner and caused severe humiliation, emotional distress, mental anguish and FICO scores.

17. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

18. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

### V. FIRST CLAIM FOR RELIEF
(Defendants Enhanced Recovery Company, LLC, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp.)
15 U.S.C. §1692e(8)

19. Ms. Buckner re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. The Debt Collectors violated the FDCPA.

5

21. The Debt Collectors' violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute by the Plaintiff, Ms. Buckner.

22. As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Buckner actual damages, statutory damages and cost.

## VI. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Buckner and Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Vance Dotson Attorney-In-Fact 15 O.S. § 1014
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)