UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNEY BUCKNER and VANCE DOTSON </br></br> Plaintiff, </br></br> v. </br></br> ENHANCED RECOVERY COMPANY, LLC, and ACCOUNT RESOLUTION SERVICES, d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC., and CAC FINANCIAL CORP., </br></br> Defendants. | ) JURY TRIAL DEMANDED </br> ) </br> ) </br> ) </br> ) </br> ) Case No. </br> )   CIV-22-002-D </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**FILED**

JAN 2 6 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

---

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

---

### I.   INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiffs Brittney Buckner and Vance Dotson an individual consumer, against Defendants, Enhanced Recovery Company, LLC ("ERC"), Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., ("ARS"), and CAC Financial Corp. ("CAC"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"),

1

which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III. PARTIES

3. Plaintiff Brittney Buckner (hereinafter "Ms. Buckner") is a natural person residing in Midwest City, Oklahoma County, Oklahoma. Ms. Buckner is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3).

4. Party Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson has been assigned 100 percent of these claim(s) above also is Attorney-In-Fact pursuant to Okla. Stat. tit. 15, § 1014.

2

5. Upon information and belief, Defendant, Enhanced Recovery Company, is a Florida corporation with its principal place of business located at 8014 Bayberry Road, Jacksonville, FL 32256.

6. Upon information and belief, Defendant, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., is a Florida corporation with its principal place of business located at 1643 Harrison Pwky, Bldg H, Suite 100, Sunrise, FL 33323.

7. Upon information and belief, Defendant, CAC Financial Corp., is an Oklahoma corporation with its principal place of business located at 2601 Northwest Expressway #1000e, Oklahoma City, OK 73112.

8. Defendants, Enhanced Recovery Company, LLC, Account Resolution Services, d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp., are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

### IV.  FACTS OF THE COMPLAINT

9. Defendants, Enhanced Recovery Company, LLC, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC

3

Financial Corp., (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

10. On or about August 24, 2021, Ms. Buckner reviewed her credit report on "Credit Karma."

11. On the report, Ms. Buckner observed trade lines from all the Debt Collector Defendants.

12. Debt Collector ERC furnished three (3) trade lines of $68, $201, and $494 allegedly owed to 11 T-Mobile, 11 AT&T, and 11 Charter Communications respectively.

13. Debt Collector ARS d/b/a Healthcare Revenue Recovery Group. LLC., furnished a trade line of $1,063, allegedly owed to Emer Svc of Oklahoma.

14. Debt Collector CAC furnished two (2) trade lines of $81 and $1,341 allegedly owed to Norman Regional Health Systems.

15. Also on August 24, 2021, Plaintiff made disputes via telephone about the accounts in question. However, on January 2, 2022, Plaintiff re-checked her credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt

4

Collectors failed to communicate the alleged debts in question were disputed by the Plaintiff, Ms. Buckner.

16. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Buckner and caused severe humiliation, emotional distress, mental anguish and FICO scores.

17. Defendant materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

18. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

V. FIRST CLAIM FOR RELIEF
(Defendants Enhanced Recovery Company, LLC,
Account Resolution Services d/b/a Healthcare Revenue Recovery Group.
LLC., and CAC Financial Corp.)
15 U.S.C. §1692e(8)

19. Ms. Buckner re-alleges and reincorporates all previous paragraphs as if fully set out herein.

20. The Debt Collectors violated the FDCPA.

5

21. The Debt Collectors' violations include, but are not limited to, the following:

The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute by the Plaintiff, Ms. Buckner.

22. As a result of the above violations of the FDCPA, the Defendants are liable to the Ms. Buckner actual damages, statutory damages and cost.

## VI.  JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ms. Buckner and Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1);

C. Statutory damages pursuant to 15 U.S.C 1692k(2)(A);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

_____
Vance Dotson Attorney-In-Fact 15 O.S. § 1014
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)


_____
Brittany Buckner

## ASSIGNMENT OF CLAIM FOR DAMAGES

FOR VALUE RECEIVED, the _Brithney Buckner_ ("Assignor"), whose address is _6431 E. Reno Ave Midwest City, OK 73110_, hereby transfers 100% interest to Vance Dotson ("Assignee"), whose address is 425 W. Wilshire Blvd Ste., E, Oklahoma City, OK 73116, and its successors, assigns, and personal representatives, any and all claims, demands, and cause or causes of action of any kind whatsoever, which the undersigned has or may have against any person or persons arising from the following types of claims:

1. the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;
2. the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692p,
3. Uniform Commercial Code, Article 9, Part 6,
4. the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and
5. any applicable state laws related to a consumer law, tort, and negligence legal claims.

The Assignee may in its own name, or under the Assignor's name, and for its own benefit prosecute, collect, settle, compromise, and grant releases on said claim(s) in its sole discretion deems advisable. Signature or action on this Assignment by Assignee constitutes acceptance. Your assistance is needed until the closing of the case.

Signed under seal on the date indicated below.

**ASSIGNOR**

_B. Buckner_                                   _Aug. 24, 2021_
                                                Date

## LIMITED POWER OF ATTORNEY

I, Brittney Buckner, whose address is 6431 E Reno Ave Midwest City, OK 73110 hereby appoint **VANCE DOTSON**, whose address is 425 W. Wilshire Blvd., Ste. E, Oklahoma City, OK 73116, as my agent and Attorney-in-Fact ("Agent") to act for me in any lawful way with respect to and limited to the following: (i) take any and all legal steps necessary to collect any amount or debt owed to me, or to settle any claim, whether made against me or asserted on my behalf against any other person or entity; (ii) enter into binding contracts on my behalf; (iii) employ professional assistance as may be appropriate, including attorneys; (iv) act for me in any lawful way in credit and debt matters, claims and litigation; (v) assert and prosecute before a court or administrative agency a claim, a cause of action, counterclaim, offset, and defend against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal, to eliminate or modify tax liability, or to seek an injunction, specific performance, or other relief; (vi) bring an action to determine adverse claims, intervene in litigation, and act as amicus curiae; (vii) in connection with litigation, procure an attachment, garnishment, libel, order of arrest, or other preliminary, provisional, or intermediate relief and use an available procedure to effect or satisfy a judgment, order, or decree; (viii) in connection with litigation, perform any lawful act, including acceptance of tender, offer of judgment, admission of facts, submission of a controversy or an agreed statement of facts, submission of a controversy on an agreed statement of facts, submission of a controversy on an agreed statement of facts, consent to examination before trial, and binding the principal in litigation; (ix) submit to arbitration, settle, and propose or accept a compromise with respect to a claim or litigation; (x) waive the issuance and service of process upon the principal, accept service of process, appear for the principal, designate persons upon whom process directed to the principal may be served, execute and file or deliver stipulations on the principal's behalf, verify pleadings, seek appellate review, procure and give surety and indemnity bonds, contract and pay for the preparation and printing of records and briefs, receive and execute and file or deliver a consent, waiver, release, confession of judgment, satisfaction of judgment, notice, agreement, or other instrument in connection with the prosecution, settlement, or defense of a claim or litigation; and (xi) receive money, or other thing of value paid in settlement of or as proceeds of a claim or litigation. This power of attorney is effective immediately and will continue until it is revoked by providing written notice to my agent. This power of attorney shall terminate upon subsequent disability, incapacity, or extended absence of the principal. I agree that any third party who receives a copy of this document may act under it. Revocation of this power of attorney is not effective as to a third party until the third party has actual knowledge of the revocation. I agree to indemnify the third party for any claims that arise against the third party because of reliance on this power of attorney. My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. My Agent shall be entitled to reasonable compensation for any services provided, and my Agent shall be entitled to reimbursement of all reasonable expenses incurred in connection with this power of attorney.

Signed by:

_____
Brittney Buckner ("Principal")

Date: Aug. 24, 2021

Accepted by

_____
Vance Dotson ("Agent")

Date: 8-24-2021