### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNEY BUCKNER and VANCE DOTSON,<br><br>   Plaintiffs,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC, and ACCOUNT RESOLUTION SERVICES d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC, and CAC FINANCIAL CORP.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-22-002-D |

## **ORDER**

On January 21, 2022, after examining the Complaint, the Court ordered Plaintiffs to show cause why Brittney Buckner's claims should not be dismissed. Among other things, the Court noted the Complaint was not signed by Brittney Buckner but was signed only by an individual who is not a licensed attorney, and this form of pleading was ineffective to bring Brittney Buckner's claims. *See* 01/21/22 Order [Doc. No. 7] at 1.

On January 26, 2022, Plaintiffs filed a Response [Doc. No. 8] and Amended Complaint [Doc. No. 9], both signed by Brittney Buckner. Because the Amended Complaint supersedes the original, the Court finds the defect of an unsigned pleading has been cured.

In the January 21 Order, the Court raised other issues that may affect Ms. Buckner's standing as a plaintiff, including an alleged "100 percent" assignment of her claims to Plaintiff Vance Dotson. *See* Am. Compl. ¶ 4. Plaintiffs' January 26 filings both include a

copy of an "Assignment of Claim for Damages." *See* Resp. at 10; Am. Compl. at 8. The Assignment is signed by "Br. Buckner" on August 24, 2021, the same day Ms. Buckner allegedly disputed certain accounts by telephone. *See* Am. Compl. ¶ 15. Because it is unclear when Ms. Buckner's claim under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1629 *et seq.*, accrued, and thus when it could validly be assigned, if at all, the Court reserves for future inquiry the legal effect of the alleged Assignment.[1]

IT IS THEREFORE ORDERED that, subject to these conditions, the January 21 Order is satisfied.

IT IS SO ORDERED this 26th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

[1] The Court assumed in the January 21 Order that Oklahoma law would permit an assignment of Ms. Buckner's FDCPA claim. *See* Okla. Stat. tit. 12, § 2017(D) ("The assignment of claims not arising out of contract is prohibited."). But the Court questioned whether Ms. Buckner would retain a right to sue on an assigned claim. *See* Order at 2 (quoting *Redcorn v. Knox*, 2014 OK CIV APP 109, ¶ 47, 345 P.3d 392, 402-03).