UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, § § § *Plaintiff,* § § v. § § ACCOUNT RESOLUTION § SERVICES d/b/a HEALTHCARE § REVENUE RECOVERY GROUP, § LLC., and CAC FINANCIAL CORP., § § *Defendants.* § | CASE NO. 5:22-cv-00002-D |

**DEFENDANT CAC FINANCIAL CORP.'S ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant CAC FINANCIAL CORP ("CAC"), by and through its undersigned counsel, and files its Answer to Plaintiff's Complaint as follows:

**INTRODUCTION**

1. CAC admits Plaintiff brings this action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). However, CAC denies it committed any violation as alleged.

**JURISDICTION**

2. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

4. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 5; therefore, it denies the same.

## PARTIES

5. CAC admits Plaintiff is a natural person. CAC lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 5; therefore, it denies the same.

6. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 6; therefore, it denies the same.

7. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 7; therefore, it denies the same.

8. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. CAC admits Paragraph 9.

10. CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

10. CAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA. However, CAC lacks knowledge or information sufficient to

form a belief as to whether it acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies Paragraph 9.

10.     CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 10; therefore, it denies the same.

## FACTS

11.     CAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA.  However, CAC lacks knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA in this matter and therefore denies Paragraph 11 as to itself.  CAC lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 11; therefore, it denies the same.

12.     CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13.     CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14.     CAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15.     CAC denies Paragraph 15.

16.     CAC denies Paragraph 16.

17.     CAC denies Paragraph 17.

18.     CAC denies Paragraph 18.

19. CAC denies Paragraph 19 as it is an incomplete and inaccurate statement of law.

## COUNT I—VIOLATIONS OF THE FDCPA

20. CAC re-alleges the Paragraphs above as though fully stated fully herein.

21. As to itself, CAC denies Paragraph 21.

22. As to itself, CAC denies Paragraph 22.

23. As to itself, CAC denies Paragraph 23.

## JURY DEMAND AND REQUEST FOR RELIEF

24. CAC admits Plaintiff requests a jury trial. CAC denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

25. Any violation, if it occurred, was the result of a bona fide error. Specifically, CAC has policies and procedures in place to ensure that disputed accounts are marked as disputed. If the account at issue was not marked as disputed, any error in marking the account as disputed was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

26. Plaintiff's damages, if any, are the result of the actions of third parties over whom CAC has no control. Specifically, if any credit bureau failed to update Plaintiff's account as disputed, this is no fault of CAC.

27. Plaintiff's damages, if any, were pre-existing damages not caused by CAC. Insofar as Plaintiff is alleging mental anguish damages, CAC asserts that those damages were not caused by CAC.

28. Plaintiff has failed to mitigate damages, if any. Specifically, if Plaintiff believed that the account should have been marked as disputed, Plaintiff never made that fact known to CAC.

29. Plaintiff proximately caused her own damages, if any. Specifically, if Plaintiff believed that the account should have been marked as disputed, Plaintiff never made that fact known to CAC.

WHEREFORE, PREMISES CONSIDERED, CAC respectfully prays that Plaintiff take nothing herein, that CAC be dismissed with their costs, and all other and further relief, at law or in equity, to which CAC may be justly entitled.

**[SIGNATURE BLOCK ON NEXT PAGE]**

Dated: November 29, 2021.　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　/s/ Xerxes Martin
　　　　　　　　　　　　　　　　　EUGENE XERXES MARTIN, IV
　　　　　　　　　　　　　　　　　TX Bar No. 24078928
　　　　　　　　　　　　　　　　　COOPER M. WALKER
　　　　　　　　　　　　　　　　　TX Bar No. 24098567
　　　　　　　　　　　　　　　　　Attorneys for Defendant I.C. System, Inc.
　　　　　　　　　　　　　　　　　**MALONE FROST MARTIN PLLC**
　　　　　　　　　　　　　　　　　NorthPark Central, Suite 1850
　　　　　　　　　　　　　　　　　8750 North Central Expressway
　　　　　　　　　　　　　　　　　Dallas, Texas 75231
　　　　　　　　　　　　　　　　　Telephone: (214) 346-2630
　　　　　　　　　　　　　　　　　Fax: (214) 346-2631
　　　　　　　　　　　　　　　　　Email: xmartin@mamlaw.com
　　　　　　　　　　　　　　　　　Email: cwalker@mamlaw.com

## **CERTIFICATE OF SERVICE**

　　　I hereby certify that on January 31, 2022, I served the foregoing on the Plaintiff via CMRR and Email:

**CMRR: 7020 1810 0000 2545 5860**
Vance Dotson
425 W. Wilshire Blvd., Suite E
Oklahoma City, OK 73116
Email: vancedotson@yahoo.com

　　　　　　　　　　　　　　　　　/s/ Xerxes Martin
　　　　　　　　　　　　　　　　　EUGENE XERXES MARTIN, IV