## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRITTNEY BUCKNER and<br>VANCE DOTSON, | § § § | |
| *Plaintiffs*, | § § | |
| vs. | § § | Case No. 5:22-cv-00002-D |
| ENHANCED RECOVERY<br>COMPANY, LLC, and ACCOUNT<br>RESOLUTION SERVICES<br>d/b/a HEALTHCARE REVENUE<br>RECOVERY GROUP, LLC, and<br>CAC FINANCIAL CORP. | § § § § § § § | |
| *Defendants*. | § § | |

## DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S UNOPPOSED MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL COUNSEL

Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("HRRG"),[1] by and through its undersigned counsel, seeks relief from LCvR83.3(a) and also seeks leave to proceed without the requirement of local counsel pursuant to LCvR83.3(c), and in support thereof states as follows:

1. **Local Rules for the Western District of Oklahoma Pertaining to the Retention of Local Counsel.** LCvR83.3(a) states, in pertinent part: "When representing a party in this court, any attorney who is not a resident of, and does not maintain an office in, Oklahoma, shall show association with an attorney who is personally appearing

---

[1] HRRG has been incorrectly named in this suit as Account Resolution Services d/b/a Healthcare Revenue Recovery Group, LLC.

1

in the action and who is a resident of Oklahoma and maintains a law office within the State of Oklahoma, and who has been duly and regularly admitted to practice in this court."  LCvR83.3(c) states, in pertinent part: "Relief from this rule is within the court's discretion upon motion establishing financial hardship, special qualifications of non-resident counsel, or other good cause, provided that out-of-state counsel certifies familiarity with the local rules."

2.    **Nature of Plaintiffs' Claims.**  Plaintiffs' Amended Complaint consists of a single count against HRRG. [Doc. No. 9]. Specifically, in Count One of Plaintiffs' Amended Complaint, Plaintiffs allege that HRRG violated § 1692e(8) of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* [Doc. No. 9, pp. 5-6, ¶¶ 19-22]. Plaintiffs' claim against HRRG is premised upon a single telephone call alleged to have been made to HRRG on August 24, 2021 and HRRG's credit reporting of Plaintiff's account allegedly owed to his medical provider that was placed with HRRG for collection. [Doc. No. 9, pp. 4-5, ¶¶ 10-11, 13, 15-18]. Under the FDCPA, a Plaintiff – if successful – may only recover up to $1,000.00 in statutory damages, plus actual damages, costs of the action, and reasonable attorneys' fees as determined by the Court. 15 U.S.C. §§ 1692k(a)(1), (a)(2)(A), (a)(3). Punitive or exemplary damages are not recoverable under the FDCPA. *See, e.g.*, *Bynum v. Cavalry Portfolio Servs., L.L.C.*, Case No. 04-cv-0515-CVE-PJC, 2005 U.S. Dist. LEXIS 53145 (N.D. Okla. Aug. 19, 2005) (collecting cases); 15 U.S.C. § 1692k.

3.    **Specific Reasons for This Motion.**   HRRG's undersigned counsel, Kevin T. Crocker ("Attorney Crocker"), is not a resident of, and does not maintain an office in, Oklahoma. Rather, Attorney Crocker would show that he is a resident of Colorado who maintains an office in his firm's Golden, Colorado office as well as an office in his firm's Austin, Texas office. Because Attorney Crocker does not reside in or maintain an office in Oklahoma, HRRG respectfully requests relief from the local counsel requirement set out in LCvR83.3(a). HRRG has retained Attorney Crocker because of his experience in handling FDCPA claims such as the one alleged in this case, and HRRG is attempting to keep its attorneys' fees and costs incurred in connection with this matter to a minimum. Because this is not a complex case and also because the types of damages (and the amounts of statutory damages) that a successful Plaintiff may recover in an FDCPA action are limited by § 1692k of the FDCPA, HRRG respectfully requests relief from LCvR83.3(a). Requiring HRRG to retain local counsel in addition to Attorney Crocker in a FDCPA case such as this would cause HRRG to incur additional defense costs and attorneys' fees, particularly given the duties imposed upon local counsel by LCvR83.3(b). Therefore, HRRG respectfully requests that it and Attorney Crocker be permitted to proceed in this lawsuit without local counsel.

4.    **Special Qualifications of Attorney Crocker.**   As further support for HRRG's request for relief from LCvR83.3(a), Attorney Crocker would respectfully show the following:

3

(a).    Attorney Crocker is admitted to practice before this Court.  Attorney Crocker certifies that he has that he has read and is familiar with this the Local Rules for the Western District of Oklahoma, the Electronic Filing Policies & Procedures Manual for the Western District of Oklahoma, as well as this Court's Telephonic Appearance Procedures, this Court's Optional Fast Track procedure for Civil Cases, and this Court's General Rules for Trial of Cases.

(b).    While in law school, Attorney Crocker served as a judicial intern for two United States District Judges in the Western District of Texas, San Antonio Division.

(c).    Following graduation from law school, Attorney Crocker served as a law clerk for a United States District Judge in the Northern District of Texas, Fort Worth Division.

(d).    Attorney Crocker has been licensed to practice law in the state of Texas since 1991 and has also been licensed to practice law in the state of Colorado since 2020.

(e).    In addition to being admitted to practice before this Court, Attorney Crocker is also admitted to practice before the following federal district and appellate courts: United States District Court for the Northern District of Texas (admitted since August 26, 1992), United States District Court for the Southern District of Texas (admitted since August 18, 1998), United States District Court for the Eastern District of Texas (admitted since December 28, 2000), United States District Court for the Western District of Texas (admitted since April 10, 2014), United States District Court for the Southern District of Indiana (admitted since August 5, 2014), United States District Court for the District of Colorado (admitted since March 6, 2017), United States District Court for the Western District of Wisconsin (admitted since April 25, 2019), Fifth Circuit Court of Appeals (admitted since June 6, 2019), and the United States District Court for the Eastern District of Missouri (admitted since February 20, 2020).

(f).    Attorney Crocker is in good standing in all jurisdictions and in all courts to which he has been licensed and/or admitted to practice.

(g).    Attorney Crocker has also been granted *pro hac vice* admission in cases proceeding before various other federal district courts across the country, including in the United States District Court for the Northern District of Georgia, the United States District Court for the District of Maryland, the United States District Court for the District of Kansas, the United States

4

District Court for the Western District of Louisiana, and the United States District Court for the Western District of Missouri.

(h).    Attorney Crocker has not been subjected to discipline or sanctions by any state bar association or by any court to which he has been licensed, admitted, or granted *pro hac vice* admission.

(i).    Attorney Crocker's litigation practice primarily consists of the investigation and defense of consumer-related claims, including claims brought under the Fair Debt Collection Practices Act ("FDCPA"), the Telephone Consumer Protection Act ("TCPA"), the Fair Credit Reporting Act ("FCRA"), and similar federal and state consumer-protection statutes.

(j).    Attorney Crocker has extensive experience handling consumer litigation matters, and in fact has handled numerous consumer-related cases before various state and Federal Courts in which he has been licensed, admitted, or granted *pro hac vice* admission. Since approximately 2004, Attorney Crocker has been involved in hundreds of cases and claims involving the FDCPA, FCRA, TCPA, and other federal and state consumer-protection statutes. Attorney Crocker's practice also includes regulatory compliance services pertaining to various federal, state, and municipal consumer protection statutes, regulations and ordinances applicable to the accounts receivable management industry, including to original creditors and individuals and businesses involved in the debt collection and debt buying sectors of the industry.

(k).    Attorney Crocker is ready, willing, and able to attend, in person, a conference, hearing or trial of this action. As mentioned previously, Attorney Crocker works out of his firm's Golden, Colorado and Austin, Texas offices. Respectfully, there are daily multiple flights on various airline carriers to, from and between the airports in Austin, Denver, and Oklahoma City should the Court require Attorney Crocker to appear in person at a conference, hearing, or trial of this action.

5.    **Precise Relief Requested by This Motion**. Because of the additional attorneys' fees and expenses that would be incurred by HRRG were it required to obtain local counsel in this case, the special qualifications of Attorney Crocker to represent HRRG in this case, and for good cause, as shown above, HRRG respectfully

requests relief from LCvR83.3(a) and also requests leave to proceed in this case without the having to comply with requirement of obtaining local counsel who resides or maintains an office in Oklahoma.

6. **Whether Opposing Counsel or Party Agrees or Objects to the Requested Relief.** As reflected in the Certificate of Conference below, *Pro Se* Plaintiff Vance Dotson has advised Attorney Crocker that Plaintiffs are not opposed to the relief requested in this Motion. Counsel for Defendant CAC Financial Corp. has also advised Attorney Crocker that CAC Financial Corp. is not opposed to the relief requested in this Motion.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services, respectfully requests that its Motion for Leave to Proceed Without Local Counsel be GRANTED.

Dated: January 31, 2022.                     Respectfully submitted,

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.
Colo. Reg. 55387
Texas Bar No. 05087250
BARRON & NEWBURGER, P.C.
Genesee Center One
602 Park Point Drive, Ste. 150
Golden, Colorado 80401
(512) 649-2417 [Direct]
(512) 279-0310 [Fax]
E-Mail:  kcrocker@bn-lawyers.com

ATTORNEYS FOR DEFENDANT
HEALTHCARE REVENUE RECOVERY
GROUP, LLC

## CERTIFICATE OF CONFERENCE

This is to certify that on the 25th and 31st days of January 2022, the undersigned counsel for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services conferred with *Pro Se* Plaintiff Vance Dotson and counsel for Defendant CAC Financial Corp., respectively, concerning the relief requested in the above and foregoing "*Defendant Healthcare Revenue Recovery Group, LLC's Unopposed Motion to Proceed Without Local Counsel.*" *Pro Se* Plaintiff Vance Dotson advised that Plaintiffs are not opposed to the relief requested by the Motion. Counsel for Defendant CAC Financial Corp. has likewise advised that Defendant CAC Financial Corp. is not opposed to the relief requested by the Motion.

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.

## CERTIFICATE OF SERVICE

This is to certify that on the 31st day of January 2022, a true and correct copy of the above and foregoing "*Defendant Healthcare Revenue Recovery Group, LLC's Unopposed Motion to Proceed Without Local Counsel*" was served *via the Court's CM/ECF system and/or by e-mail transmission* on: (a) Plaintiffs, Brittney Buckner and Vance Dotson, 425 W. Wilshire Blvd., Ste. E, Oklahoma City, Oklahoma 73116, e-mail: vancedotson@yahoo.com; and, (ii) counsel for CAC Financial Corp., Xerxes Martin, Esq. and Cooper Walker, Esq., Malone Frost Martin PLLC, NorthPark Central, Suite 1850, 8750 North Central Expressway, Dallas, Texas 75231, (214) 346-2630 [Telephone], (214) 346-2631 [Facsimile], e-mails: xmartin@mamlaw.com and cwalker@mamlaw.com.

*/s/ Kevin T. Crocker*

Kevin T. Crocker, Esq.