IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNEY BUCKNER and VANCE DOTSON, | § § § |
| *Plaintiffs*, | § § § |
| vs. | §   Case No. 5:22-cv-00002-D § |
| ENHANCED RECOVERY COMPANY, LLC, and ACCOUNT RESOLUTION SERVICES, d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC., and CAC FINANCIAL CORP., | § § § § § § § § |
| *Defendants*. | § § |

## DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S ORIGINAL ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services ("HRRG"),[1] by and through its undersigned counsel, files its Original Answer to Plaintiffs' Amended Complaint [ECF No. 9], and would respectfully show as follows:

### I.   INTRODUCTION

1. Paragraph No. 1 of Plaintiffs' Amended Complaint is merely descriptive of Plaintiffs' alleged claims against HRRG; therefore, no response is required. Further, to the

---

[1] Plaintiffs have incorrectly named HRRG as "Account Resolution Services, d/b/a Healthcare Revenue Recovery Group, LLC."

1

extent that Paragraph No. 1 is directed at Defendants Enhanced Recovery Company LLC and CAC Financial Corp., and not at HRRG, no response is required.  To the extent, however, a response may be required, Paragraph No. 1 is admitted in part and denied in part.  HRRG admits that Plaintiffs purport to bring this action against HRRG under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.*  However, HRRG denies that it violated the FDCPA and HRRG further denies that it engaged in abusive, deceptive and unfair practices.

## II.     JURISDICTION AND VENUE

2.     Paragraph No. 2 of Plaintiffs' Amended Complaint is merely descriptive of Plaintiffs' jurisdictional and venue allegations; therefore, no response is required. Further, to the extent that Paragraph No. 2 is directed at Defendants Enhanced Recovery Company LLC and CAC Financial Corp., and not at HRRG, no response is required. To the extent, however, a response may be required, Paragraph No. 2 is admitted in part and denied in part.  HRRG admits that Plaintiffs purport to bring this action under the FDCPA and that this Court could, therefore, have jurisdiction under 15 U.S.C. § 1692 and 28 U.S.C. § 1331 over the FDCPA claims.  However, HRRG reserves the right, upon further discovery, to contest whether Plaintiffs have suffered a particularized, concrete, injury-in-fact that is sufficient to confer standing to sue and/or whether the Court lacks subject matter jurisdiction under Article III of the Constitution of the United States.  Further, to the extent that Paragraph No. 2 can be construed to allege that HRRG violated the FDCPA, Paragraph No. 2 is denied.  Additionally, HRRG states that venue of this action

in the Western District of Oklahoma is not contested.

### III.   PARTIES

3.      In response to Paragraph No. 3 of Plaintiff's Amended Complaint, HRRG states that Plaintiff Brittney Buckner's allegation that she is a "consumer" as defined by § 1692a(3) of the FDCPA states a legal conclusion to which no response is required. The remaining allegations in Paragraph No. 3 are admitted in part and denied in part. HRRG admits that Plaintiff Brittney Buckner is a natural person. However, HRRG lacks knowledge or information sufficient to enable it to admit the allegation that Plaintiff is a resident of Midwest City, Oklahoma County, Oklahoma; therefore, denied.

4.      Paragraph No. 4 of Plaintiffs' Amended Complaint is admitted in part and denied in part. HRRG admits that Plaintiff Vance Dotson is a natural person. HRRG lacks knowledge or information sufficient to enable it to admit the allegation that Plaintiff Vance Dotson is a resident of Oklahoma City, Oklahoma County, Oklahoma; therefore, denied. Further, as to Plaintiff Vance Dotson's allegations that he "has been assigned 100 percent of these claim(s) above also is Attorney-in-Fact pursuant to Okla. Stat. tit. 15, § 1014," that allegation states a legal conclusion to which no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit that allegation; therefore, denied. Further, HRRG disputes that Plaintiff Brittney Bucker's alleged assignment to Plaintiff Vance Dotson is a valid assignment. 12 O.S. § 2017 (D) ("[t]he assignment of claims not arising out of contract is prohibited."); *see also Trinity Mortg. Cos. v. Dryer*, 451 Fed. Appx. 776

(10th Cir. 2011) ("finding that "Trinity gave Junker an ownership interest for the specific and sole purpose of permitting Junker to litigate Trinity's claims against [its former counsel]" and disallowing the *de facto* assignment because it was "clearly against public policy."); *Lester v. Minnesota Life Ins. Co.*, Case No. 13-CV-443-JED-PJC, 2014 U.S. Dist. LEXIS 4373 (N.D. Okla. Jan. 14, 2014) (holding that plaintiff could not maintain tort claims for fraud, bad faith, emotional distress or duress based upon assignment because Oklahoma law prohibits the assignment of tort claims); *Rose Grp., L.L.C. v. Miller*, 2003 OK CIV APP 18, 64 P.3d 573, 575 (Okla. Civ. App. 2003) ("Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable."); *accord Montoya v. State Farm Mut. Auto. Ins. Co.*, Case No. 16-00005 (RCL), 2016 U.S. Dist. LEXIS 141322 (W.D. Tex. Oct. 12, 2016) ("[The Texas Supreme Court has declared that DTPA claims generally cannot be assigned by an aggrieved consumer to someone else because the cause of action is "personal and punitive."); *Stearns v. Wheeler, LLC v. Kowalsky Bros., Inc.*, 289 Conn. 1, 9-10, n. 12, 955 A.2d 538 (2008) ("Therefore, although CUTPA claims are neither contract nor tort claims, and CUTPA claims may occasionally arise out of contractual relationships, the considerations of business necessity that underlie the policy allowing free assignment of ordinary contract rights may not apply generally to CUTPA claims. The policies against trafficking in personal claims and excessive litigation, in contrast, may apply. Indeed, in light of the expanded remedies available under CUTPA, most notably, the availability of attorney's fees, the temptation for 'unscrupulous interlopers and litigious

persons'..to interfere would be greater in this context than in tort claims, giving these concerns even greater force.") (internal quotations and citations omitted). Further, upon information and belief, the purported assignment between Plaintiff Buckner and Plaintiff Dotson may lack consideration and for that additional reason may be void.

5. Paragraph No. 5 of Plaintiffs' Amended Complaint is directed at Defendant Enhanced Recovery Company and not at HRRG; therefore, no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 5; therefore, Paragraph No. 5 is denied.

6. Paragraph No. 6 of Plaintiffs' Amended Complaint is denied as written.

7. Paragraph No. 7 of Plaintiffs' Amended Complaint is directed at Defendant CAC Financial Corp. and not at HRRG; therefore, no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 7; therefore, Paragraph No. 7 is denied.

8. Paragraph No. 8 of Plaintiffs' Amended Complaint is admitted in part and denied in part. To the extent that Paragraph No. 8 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., and not at HRRG, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 8; therefore, Paragraph No. 8 is denied. To the extent that Paragraph No. 8 of Plaintiff's Amended Complaint is directed at HRRG, Paragraph No. 8 is admitted only

to the extent that HRRG, at times, attempts to resolve outstanding accounts and, at times, uses the mail and telephone.

## IV.   FACTS OF THE COMPLAINT

9.      In response to Paragraph No. 9 of Plaintiffs' Complaint, HRRG states that Plaintiff's allegation that HRRG is a "debt collector" as defined by § 1692a(6) of the FDCPA states a legal conclusion to which no response is required. Further, to the extent that Paragraph No. 9 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., and not at HRRG, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 9 ; therefore, Paragraph No. 9  is denied.

10.     In response to Paragraph No. 10 of Plaintiffs' Amended Complaint, HRRG states that it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 10 as written; therefore, Paragraph No. 10 is denied.

11.     In response to Paragraph No. 11 of Plaintiffs' Amended Complaint, HRRG states that it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 11 as written; therefore, Paragraph No. 11 is denied.

12.     Paragraph No. 12 of Plaintiffs' Amended Complaint is directed at Defendant Enhanced Recovery Company and not at HRRG; therefore, no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 12; therefore, Paragraph No. 12 is denied.

13. In response to Paragraph No. 13 of Plaintiffs' Amended Complaint, HRRG admits only that it reported to the applicable credit reporting agencies to whom it reports a balance of $1,063 owed by Plaintiff Buckner to Emer Svc of Oklahoma.

14. Paragraph No. 14 of Plaintiffs' Amended Complaint is directed at Defendant CAC Financial Corp. and not at HRRG; therefore, no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 14; therefore, Paragraph No. 14 is denied.

15. In response to Paragraph No. 15 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 15 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 15; therefore, Paragraph No. 15 is denied. Further, to the extent that Paragraph No. 15 of Plaintiff's Amended Complaint is directed at HRRG, Paragraph No. 15 is denied.

16. In response to Paragraph No. 16 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 16 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 16; therefore, Paragraph No. 16 is denied. Further, to the extent that Paragraph No. 16 of Plaintiffs'

Amended Complaint is directed at HRRG, Paragraph No. 16 is denied.

17. In response to Paragraph No. 17 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 17 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 17; therefore, Paragraph No. 17 is denied. Further, to the extent that Paragraph No. 17 of Plaintiffs' Amended Complaint is directed at HRRG, Paragraph No. 17 is denied.

18. Paragraph No. 18 of Plaintiffs' Complaint states a legal conclusion to which no response is required. To the extent, however, a response may be required, Paragraph No. 18 is denied as written.

## V.   FIRST CLAIM FOR RELIEF
**(Defendants Enhanced Recovery Company, LLC, Account Resolution Services d/b/a Healthcare Revenue Recovery Group, LLC., and CAC Financial Corp.)**
**15 U.S.C. § 1692e(8)**

19. HRRG re-alleges and incorporates by reference as if fully set forth herein its answers in Paragraph Nos. 1 through 18 above.

20. In response to Paragraph No. 20 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 20 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 20; therefore, Paragraph No. 20 is denied. Further, to the extent that Paragraph No. 20 of Plaintiffs'

Amended Complaint is directed at HRRG, Paragraph No. 20 is denied.

21. In response to Paragraph No. 21 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 21 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 21; therefore, Paragraph No. 21 is denied. Further, to the extent that Paragraph No. 21 of Plaintiffs' Amended Complaint is directed at HRRG, Paragraph No. 21 is denied.

22. In response to Paragraph No. 22 of Plaintiffs' Amended Complaint, HRRG states that to the extent that Paragraph No. 22 is directed at Defendants Enhanced Recovery Company, LLC and CAC Financial Corp., no response is required. To the extent, however, a response may be required, HRRG states that, at this time, it lacks knowledge or information sufficient to enable it to admit the allegations in Paragraph No. 22; therefore, Paragraph No. 22 is denied. Further, to the extent that Paragraph No. 22 of Plaintiffs' Amended Complaint is directed at HRRG, Paragraph No. 22 is denied.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

In response to Plaintiffs' un-numbered "WHEREFORE" paragraph (and its sub-parts A. through E.) of Plaintiffs' Amended Complaint, HRRG states that Plaintiffs' jury demand requires no response. HRRG further denies that judgement should be entered in favor of Plaintiffs and against HRRG. HRRG further denies that it violated the FDCPA and also denies that Plaintiffs are entitled to any of the relief requested in sub-parts A

through E.

## HRRG'S AFFIRMATIVE AND OTHER DEFENSES

HRRG alleges the following affirmative and other defenses, as authorized by the Federal Rules of Civil Procedure:

1. HRRG asserts that Plaintiffs have failed to state a claim upon which relief may be granted.

2. HRRG disputes that Plaintiff Brittney Bucker's alleged assignment to Plaintiff Vance Dotson is a valid assignment. 12 O.S. § 2017 (D) ("[t]he assignment of claims not arising out of contract is prohibited."); *see also Trinity Mortg. Cos. v. Dryer*, 451 Fed. Appx. 776 (10th Cir. 2011) ("finding that "Trinity gave Junker an ownership interest for the specific and sole purpose of permitting Junker to litigate Trinity's claims against [its former counsel]" and disallowing the *de facto* assignment because it was "clearly against public policy."); *Lester v. Minnesota Life Ins. Co.*, Case No. 13-CV-443-JED-PJC, 2014 U.S. Dist. LEXIS 4373 (N.D. Okla. Jan. 14, 2014) (holding that plaintiff could not maintain tort claims for fraud, bad faith, emotional distress or duress based upon assignment because Oklahoma law prohibits the assignment of tort claims); *Rose Grp., L.L.C. v. Miller*, 2003 OK CIV APP 18, 64 P.3d 573, 575 (Okla. Civ. App. 2003) ("Section 2017(D) prohibits the assignment of claims not arising from contract. This section embodies the common law rule that a chose in action arising out of a pure tort is not assignable."); *accord Montoya v. State Farm Mut. Auto. Ins. Co.*, Case No. 16-00005 (RCL), 2016 U.S. Dist. LEXIS 141322 (W.D. Tex. Oct. 12, 2016) ("[The Texas Supreme

Court has declared that DTPA claims generally cannot be assigned by an aggrieved consumer to someone else because the cause of action is "personal and punitive."); *Stearns v. Wheeler, LLC v. Kowalsky Bros., Inc.*, 289 Conn. 1, 9-10, n. 12, 955 A.2d 538 (2008) ("Therefore, although CUTPA claims are neither contract nor tort claims, and CUTPA claims may occasionally arise out of contractual relationships, the considerations of business necessity that underlie the policy allowing free assignment of ordinary contract rights may not apply generally to CUTPA claims. The policies against trafficking in personal claims and excessive litigation, in contrast, may apply. Indeed, in light of the expanded remedies available under CUTPA, most notably, the availability of attorney's fees, the temptation for 'unscrupulous interlopers and litigious persons'..to interfere would be greater in this context than in tort claims, giving these concerns even greater force.") (internal quotations and citations omitted). Further, upon information and belief, the purported assignment between Plaintiff Buckner and Plaintiff Dotson may lack consideration and for that additional reason may be void.

3. HRRG denies that Plaintiffs have suffered any actual damages; however, if such damages do exist (which is denied) then HRRG asserts that such actual damage claims are subject to the defense of failure to mitigate.

4. HRRG asserts that it was not the proximate and/or producing cause of Plaintiffs' alleged damages, if any.

5. HRRG asserts that any alleged damages to Plaintiffs, which HRRG continues to deny, is the result of the acts or omissions of Plaintiffs or other third-parties,

over whom HRRG has no control and to whom HRRG has no responsibility.

6. HRRG denies that Plaintiffs are entitled to, or should, recover statutory damages in any amount for any claim. *See, e.g., Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

7. HRRG asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003); *BMW of N. Am. v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 1234 L. Ed. 2d 809 (1996).

8. HRRG asserts that it has not willfully, knowingly or negligently committed any wrongful, illegal or inappropriate acts.

9. HRRG asserts that if any violations of the FDCPA did occur (which it denies), then such violations were unintentional, and they occurred as a result of a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid and prevent the alleged violations. Therefore, HRRG is entitled to the defense provided by 15 U.S.C. § 1692k(c).

10. HRRG reserves the right to assert additional affirmative and other defenses as may become apparent during discovery.

## HRRG'S REQUEST FOR ATTORNEYS' FEES AND COSTS

HRRG asserts that Plaintiffs' claims have been brought in bad faith and/or for the purposes of harassment; therefore, pursuant to 15 U.SC. § 1692k(a)(3), HRRG is entitled

to recover from Plaintiffs, attorneys' fees reasonably related to the work performed and costs.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services prays that Plaintiffs, Brittney Buckner and Vance Dotson, take nothing by reason of this lawsuit.  Defendant further prays for its fees and costs together with all such other and further relief, at law or in equity, as to which it may be justly entitled.

Dated: February 8, 2021.              Respectfully submitted,

/s/ Kevin T. Crocker

Kevin T. Crocker, Esq.
Texas Bar No. 05087250
**Attorney For Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services**
BARRON & NEWBURGER, P.C.
7320 N. MoPac Expwy., Ste. 400
Austin, Texas 78731
(512) 649-2417 [Direct]
(512) 279-0310 [Fax]
E-Mail:  kcrocker@bn-lawyers.com

**CERTIFICATE OF SERVICE**

This is to certify that on the 8th day of February 2022, a true and correct copy of the above and foregoing "*Defendant Healthcare Revenue Recovery Group, LLC's Original Answer to Plaintiffs' Amended Complaint*" was served *via the Court's CM/ECF system and/or by e-mail transmission* on: (a) Plaintiffs, Brittney Buckner and Vance Dotson, 425 W. Wilshire Blvd., Ste. E, Oklahoma City, Oklahoma 73116, e-mail: vancedotson@yahoo.com; and, (ii) counsel for CAC Financial Corp., Xerxes Martin, Esq. and Cooper Walker, Esq., Malone Frost Martin PLLC, NorthPark Central, Suite 1850, 8750 North Central Expressway, Dallas, Texas 75231, (214) 346-2630 [Telephone], (214) 346-2631 [Facsimile], e-mails: xmartin@mamlaw.com and cwalker@mamlaw.com.

/s/ Kevin T. Crocker

Kevin T. Crocker, Esq.