UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRITTNEY BUCKNER and VANCE DOTSON, <br><br> Plaintiffs, <br><br> v. <br><br> ENHANCED RECOVERY COMPANY, LLC, and ACCOUNT RESOLUTION SERVICES, d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC., and CAC FINANCIAL CORP., <br><br> Defendants. | ) JURY TRIAL DEMANDED <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action <br> ) 5:22-cv-00002-D <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

FILED
MAR 0 3 2022
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____ DEPUTY

## PLAINTIFF REPLY TO DEFENDANT MOTION DOC [32]

Plaintiffs Brittney Buckner and Vance Dotson ("Plaintiffs") reply to the response in opposition to Plaintiff's Motion to Strike filed by Defendant Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services ("Defendant") has filed a response to Plaintiff Motion to Strike.

## INTRODUCTION

As plead by the Defendant, Plaintiff Vance Dotson has a pattern of filling a Motion to Strike Defendants' insufficient, frivolous, vague, conclusory, without factual basis and boilerplate affirmative defenses that has no merit

1

within the law. Defendant fails to mention that each and every time Plaintiff Vance Dotson has raised an issue with Defendants' affirmative defenses, Defendant has Amended or withdrawn the affirmative Defenses. Defendant has filed Ten (10) Affirmative defenses and only one is an actual defense (i.e., number 9, the "bona fide error" affirmative defense), but, it too, is still plead insufficiently without the proper elements.

As alleged in the Amended Complaint Defendant Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services, has failed to notate the alleged debt disputed after the Plaintiff disputed and had subsequent communication with the consumer reporting agencies (Trans Union, Equifax and Experian) and seeks relief under 15 U.S.C. § 1692e(8).

## ARGUMENT AND AUTHORITY

Rule 8(c) requires a defendant to set forth specified affirmative defenses in an answer along with any other matters constituting "an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). Failure to raise an affirmative defense in a pleading generally results in waiver of the defense. *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009). If a defense is legally insufficient, however, Rule 12(f) permits the Court to strike it. "The

purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case."

Plaintiff filed this action under the Fair Debt Collection Practices Act ("FDCPA") and seeks to strike the ten (10) affirmative defenses levied by Defendant in its Answer because they are either frivolous, vague, conclusory, or without factual basis. Plaintiff notes that the first issue is whether the *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) standard applicable to complaints applies to affirmative defenses. Defendant responds by incorrectly arguing the main issue of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). This Court has previously decided the standard will apply, as cited in Plaintiffs motion.

Unless and until the Tenth Circuit holds otherwise, this Court holds that affirmative defenses other than the failure to mitigate damages are subject to the pleading requirements of Rule 8, Fed.R.Civ.P. and *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), as explicated with respect to claims, only, in *Bryson v. Gonzales*, 534 F.3d 1282, 1286-87 (10th Cir. 2008). Thus, unless the factual basis for an affirmative defense is clear from the face of the complaint, e.g., where the claim asserted is clearly barred by the applicable statute of limitations, in which case the mere

statement that the claim is barred by that statute is sufficient, a defendant must allege a sufficient factual basis or bases for his or its affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability. *Gibson v. OfficeMax, Inc.*, Case No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009). Therefore, the Court must consider whether Defendant has sufficiently alleged facts in support of the ten (10) "affirmative defenses" raised.

## DEFENDANTS KEY ELEMENTS ARE TOTALLY MISSING

Defendant attempts to invoke the safe harbor of 15 U.S.C. § 1692k(c), available to any debt collector who "shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Here, Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services, alleges no facts in support of this defense *"HRRG asserts that if any violations of the FDCPA did occur (which it denies), then such violations were unintentional, and they occurred as a result of a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid and prevent the alleged violations. Therefore, HRRG is entitled to the defense provided by 15 U.S.C. § 1692k(c)."* (Emphasis added).

4

15 U.S.C.§ 1692k(c). In order to claim this defense, the burden is on the defendant to show (1) "that the presumed FDCPA violation was not intentional"; (2) "that the presumed FDCPA violation resulted from a bona fide error"; and (3) "that it maintained procedures reasonably adapted to avoid any such error." *Kort v. Diversified Collection Servs., Inc.*, 394 F.3d 530, 537 (7th Cir. 2005). Importantly, a defendant can invoke the bona fide error defense only if it claims it made an error of fact, not an error of law. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 604–05 (2010). Thus, "the bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute." Here Defendant Healthcare Revenue Recovery Group, LLC d/b/a Account Resolution Services incorrectly believed the statement "from looking at balance I'm assuming a payment wasn't applied" did not constitute a "dispute" under § 1692e(8). In other words, it "incorrect[ly] interpret[ed] ... the requirements of the [FDCPA]." This is a mistake of law. Therefore, the bona fide error defense is not available without pleading facts to substantiate the claims.

## REQUEST

WHEREFORE Plaintiffs request that pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, this Court Strike Defendant's ten (10)

5

conclusory, boilerplate affirmative defenses, which are absent any factual support, and any such further relief which Plaintiff may be entitled.

Dated: March 3, 2022                          Respectfully submitted:

_____
Vance Dotson

_____
Brittney Buckner
By Vance Dotson Attorney-In-Fact 15 O.S. § 1014
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)

## CERTIFICATE OF SERVICE

I hereby certify that on the __3__th day of March, 2022, a true and correct copy of the above and foregoing was deposited in the U.S. Mail, first class, postage pre-paid, addressed to:

Kevin T Crocker

7230 N. MoPac Expwy., Ste 400

Austin, Texas 78731

Dated: March 3, 2022                          Respectfully submitted:

_____

6

Vance Dotson