

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

MAR 2 2 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____DEPUTY

| | |
|---|---|
| VANCE DOTSON | ) JURY TRIAL DEMANDED |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-002-D |
| | ) |
| ACCOUNT RESOLUTION SERVICES, d/b/a HEALTHCARE REVENUE RECOVERY GROUP, LLC., and CAC FINANCIAL CORP., | ) ) ) ) ) |
| Defendants. | ) ) |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is a civil action for actual, statutory damages, and costs brought by Vance Dotson ("Plaintiff") an individual consumer, against Defendants, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., ("ARS"), and CAC Financial Corp. ("CAC"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

1

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d).

3. Jurisdiction of this court also arises 28 U.S.C § 1331.

4. Venue in this District is proper in that the Defendants transact business in Oklahoma City, Oklahoma County, Oklahoma, and the conduct complained of occurred in Oklahoma City, Oklahoma County, Oklahoma.

## III.  PARTIES

5. Plaintiff Vance Dotson (hereinafter "Mr. Dotson") is a natural person residing in Oklahoma City, Oklahoma County, Oklahoma. Mr. Dotson is a consumer as defined by the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(3). Mr. Dotson has been assigned 100 percent of these claim(s) by Brittney Buckner.

6. Upon information and belief, Defendant, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., is a Florida corporation with its principal place of business located at 1643 Harrison Pwky, Bldg H, Suite 100, Sunrise, FL 33323.

2

7. Upon information and belief, Defendant, CAC Financial Corp., is an Oklahoma corporation with its principal place of business located at 2601 Northwest Expressway #1000e, Oklahoma City, OK 73112.

8. Defendants, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp., are engaged in the collection of debt from consumers using mail and telephone. Defendants regularly attempt to collect consumers' debts alleged to be due to other companies.

## IV.   FACTS OF THE COMPLAINT

9. Defendants, Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp., (hereinafter referred to as "Debt Collector") are a "debt collector" as defined by the FDCPA, 15 U.S.C § 1692a(6).

10. On or about August 24, 2021, Ms. Buckner reviewed her credit report on "Credit Karma."

11. On the report, Ms. Buckner observed trade lines from all the Debt Collector Defendants.

3

12. Debt Collector ARS d/b/a Healthcare Revenue Recovery Group, LLC., furnished a trade line of $1,063, allegedly owed to Emer Svc of Oklahoma.

13. Debt Collector CAC furnished two (2) trade lines of $81 and $1,341 allegedly owed to Norman Regional Health Systems.

14. Also on August 24, 2021, Ms. Buckner made disputes via telephone about the accounts in question. However, on January 2, 2022, Ms. Buckner re-checked her credit reports and although the Debt Collectors had several communications with the consumer reporting agencies, the Debt Collectors failed to communicate the alleged debts in question were disputed by the Ms. Buckner.

15. The Debt Collector's publishing of such inaccurate and incomplete information has severely damaged the personal and credit reputation of Ms. Buckner and caused severe humiliation, emotional distress, mental anguish and FICO scores.

16. Defendant materially lowered Plaintiff's credit score by failing to note Ms. Buckner dispute.

17. A debt reported without dispute results in a much lower credit score than a report of both the debt and the dispute. Saunders v. Branch Banking and Trust Co. of VA, 526 F. 3d 142, 146-47 (4th Cir. 2008).

## V.   FIRST CLAIM FOR RELIEF
### (Defendants Account Resolution Services d/b/a Healthcare Revenue Recovery Group. LLC., and CAC Financial Corp.)
### 15 U.S.C. §1692e(8)

18. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

19. The Debt Collectors violated the FDCPA.

20. The Debt Collectors' violations include, but are not limited to, the following:

    The Debt Collector violated 15 U.S.C § 1692e(8) of the FDCPA by failing to disclose to the consumer reporting agencies the alleged debt was in dispute by the Plaintiff, Ms. Buckner.

21. As a result of the above violations of the FDCPA, the Defendants are liable to the Mr. Dotson actual damages, statutory damages and cost.

## VI.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff Mr. Dotson respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against the Debt Collector for:

A. Judgment for the violations occurred for violating the FDCPA;

B. Actual damages pursuant to 15 U.S.C 1692k(1)(2);

C. Statutory damages pursuant to 15 U.S.C 1692k(2);

D. Cost and pursuant to 15 U.S.C 1692k(3);

E. For a deletion and further relief as the Court may deem just and proper.

Respectfully submitted:

*/s/ Vance Dotson*
Vance Dotson
425 W. Wilshire Blvd Suite E
Oklahoma City, OK 73116
405.406.7323 (telephone)
vancedotson@yahoo.com (email)

6

## ASSIGNMENT OF CLAIM FOR DAMAGES

FOR VALUE RECEIVED, the __Brithney Buckner__ ("Assignor"), whose address is __6431 E. Reno Ave Midwest City, OK 73110__, hereby transfers 100% interest to Vance Dotson ("Assignee"), whose address is 425 W. Wilshire Blvd Ste., E, Oklahoma City, OK 73116, and its successors, assigns, and personal representatives, any and all claims, demands, and cause or causes of action of any kind whatsoever, which the undersigned has or may have against any person or persons arising from the following types of claims:

1. the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x;
2. the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692-1692p,
3. Uniform Commercial Code, Article 9, Part 6,
4. the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and
5. any applicable state laws related to a consumer law, tort, and negligence legal claims.

The Assignee may in its own name, or under the Assignor's name, and for its own benefit prosecute, collect, settle, compromise, and grant releases on said claim(s) in its sole discretion deems advisable. Signature or action on this Assignment by Assignee constitutes acceptance. Your assistance is needed until the closing of the case.

Signed under seal on the date indicated below.

ASSIGNOR

__B.M. Buckner__                                __Aug. 24. 2021__
                                                              Date